RENDERED: SEPTEMBER 24, 2020
TO BE PUBLISHED

FINAL

## Supreme Court of Kentucky

2018-SC-0070-DG

DATE _10/15/20_

DIANA METZGER AND GARY METZGER                             APPELLANTS

ON REVIEW FROM COURT OF APPEALS
V.                          CASE NO. 2016-CA-1625-MR
JEFFERSON CIRCUIT COURT NO. 15-CI-000020

AUTO-OWNERS INSURANCE COMPANY                              APPELLEES
AND
OWNERS INSURANCE COMPANY

**OPINION OF THE COURT BY JUSTICE WRIGHT**

**AFFIRMING**

## I. BACKGROUND

Appellants, Diana Metzger and her husband Gary, are members of a pet

and feed supply store limited liability company (Metzger's Country Store, LLC)

along with Gary's brother and sister. The LLC bought a commercial automobile

insurance policy from Appellee, Auto-Owners Insurance Company, which

included underinsured motorist (UIM) coverage for the LLC's vehicles.[1] This

appeal involves the interpretation of that policy.

---

[1] The LLC also bought a separate tailored protection policy (TPP) which provided
commercial general liability coverage and commercial property and inland marine
coverage for the LLC. The Metzgers argue that some terms present in the TPP policy
make the auto policy ambiguous. However, these policies are separate and distinct
from one another and we will not read any terms from the TPP policy into the
automobile policy.

Diana Metzger drove her personally-insured vehicle to a feed supply store to purchase inventory for resale at the LLC. It is undisputed the sole purpose of her trip was to conduct business on behalf of the LLC. After Metzger purchased the items intended for resale, she was struck by an automobile in the parking lot while walking to her personal vehicle. Courtney Gebben, the driver of the vehicle which struck Metzger, carried only $25,000 in liability insurance. Metzger sustained severe injuries to her left ankle requiring six surgeries and resulting in the accrual of more than $200,000 in medical expenses. Due to the disparity in the amount of Gebben's liability coverage and Metzger's injuries, Gebben was an underinsured motorist pursuant to KRS 304.39-320.

After Gebben's insurer paid Metzger its $25,000 limits, Metzger settled with her personal insurance UIM policy for an undisclosed amount (though the maximum coverage she had under her personal policy was $100,000). The payments from Gebben's liability insurance and Metzger's personal UIM policy did not fully compensate Metzger for her injuries or Gary for his loss of consortium. Metzger then submitted a UIM claim to the LLC's automobile insurance carrier, Auto-Owners.

Auto-Owners had issued a commercial automobile policy with UIM coverage to Metzger's Country Store, LLC. The LLC was the only named insured on the Auto-Owners policy. The policy had combined liability limits of $1,000,000 and UIM coverage limits of $1,000,000 per person. Four vehicles were covered under the Auto-Owners commercial automobile policy and the

2

personal vehicle Metzger drove on the day of the accident was not among the scheduled vehicles. The declarations in the policy contained a list of scheduled drivers which included Metzger, the other three LLC members, and several LLC employees. None of these scheduled drivers, however, was a named insured.

The policy's liability form included several definitions and defined "You or Your" as the "first named insured shown in the Declarations, and *if an individual,* your spouse who resides in the same household." (Emphasis added.) The policy's relevant language concerning UIM coverage provides:

**2. Coverage**

a. **We** will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an **underinsured automobile** because of **bodily injury** sustained by an injured person while **occupying** an **automobile** that is covered by **SECTION II— LIABILITY COVERAGE** of the policy.

b. If the first named insured in the Declarations is an individual, this coverage is extended as follows:

(1) **We** will pay compensatory damages, including but not limited to loss of consortium, **you** are legally entitled to recover from the owner or operator of any **underinsured automobile** because of **bodily injury you** sustain:

(a) when **you** are not **occupying** an **automobile** that is covered by **SECTION II—LIABILITY COVERAGE** of the policy; or

(b) when **occupying** an **automobile you** do not own which is not covered by **SECTION II—LIABILITY COVERAGE** of the policy.

Based on the language of the commercial automobile policy, Auto-Owners denied Metzger's claim. She then filed a declaratory action in Jefferson

3

Circuit Court, asking the trial court declare that Auto-Owners was obligated to provide UIM benefits under the terms of the commercial policy. Gary filed a derivative claim for loss of spousal consortium. Auto-Owners filed a motion for summary judgment arguing that Metzger was not entitled to UIM coverage because she was not occupying a scheduled vehicle at the time of the accident, as required by the policy. The trial court granted Auto-Owners summary judgment motion and the Court of Appeals unanimously affirmed the trial court's ruling. The Metzgers then filed a motion for discretionary review to this Court, which we granted. We now affirm the Court of Appeals.

## II. ANALYSIS

It has long been the law in this Commonwealth that summary judgment "should only be used 'to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'" *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky. 1991) (3quoting *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985)). Furthermore, Kentucky Rules of Civil Procedure (CR) 56.03 states that summary judgment should be granted if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest*, 807 S.W.2d at 480.

4

"Because summary judgments involve no fact finding, this Court will review the circuit court's decision *de novo.*" *3D Enters. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky. 2005). On appeal, "[t]he standard of review . . . of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law. Summary judgment is appropriate where the movant shows that the adverse party could not prevail under any circumstances." *Pearson ex rel. Trent v. Nat'l Feeding Sys., Inc.*, 90 S.W.3d 46, 49 (Ky. 2002).

The trial court granted Auto-Owners' motion for summary judgment. Because "[i]nterpretation and construction of an insurance contract is a matter of law," *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 871 (Ky. 2002), we review the raised issues de novo, giving no deference to the trial court.

The Metzgers first argue the Court of Appeals erred in holding the commercial automobile policy was unambiguous. In support of this argument, they assert the policy is rife with ambiguity, as it uses familial and individual terms and terms that are confusing and undefined. We disagree.

Recently we held "Kentucky public policy does not bar reasonable UIM exclusion provisions." *Philadelphia Indem. Ins. Co. v. Tryon*, 502 S.W.3d 585, 592 (Ky. 2016). In reaching that holding, we stated, "there is nothing either in the MVRA or our public policy prohibiting enforcement of exclusion of UIM coverage in certain scenarios. The reasonable expectations of coverage are

5

satisfied so long as the plain meanings of the terms of the underlying policies are clear and unambiguous." *Id.* Here, no ambiguity existed.

The Metzgers would have this Court hold the policy was ambiguous due to use of the terms "you," "your," "relative," and "person." However, the policy defines "You or Your" as the "first named insured shown in the Declarations, and *if an individual,* your spouse who resides in the same household." (Emphasis added.) The phrase "if an individual" clearly contemplates a scenario in which the named insured is *not* an individual (as is the case here, where the only named insured is an LLC). Clearly an LLC has neither a spouse nor other relatives. While an LLC is, likewise, not referred to as "you" in common parlance, the policy specifically defines the word "you" to include *any* named insured—be it an individual or an entity. These terms create no ambiguity in the policy.

The Metzgers also argue an ambiguity is created by the fact the policy contains language inapplicable to the LLC (all the language "extending" the coverage if the named insured is an "individual"). While we agree with the Metzgers that insurance policies can be complex, confusing documents filled with ambiguities, the applicable portions of the policy in the case at bar are not. The policy language makes it clear that if the first named insured is an "individual," the coverage is extended past the occupancy of a scheduled vehicle. However, if the first named insured is not an "individual," then an individual is only covered by the UIM policy when occupying a scheduled automobile. There is no ambiguity here. The LLC is the only named insured

6

on the policy—and the LLC is not an "individual." Therefore, the UIM policy only covered losses sustained by Metzger while occupying a scheduled automobile.

The fact Metzger was undisputedly carrying out business on behalf of the LLC is of no consequence, as the policy neither requires an individual to be conducting the business of the LLC at the time of his or her injury nor guarantees coverage if he or she is conducting the business of the LLC. It is simply immaterial to our analysis, as it is immaterial to the terms of the policy.

The Metzgers further argue the policy's use of the undefined term "individual" creates ambiguity. They assert the term could mean *either* a person or an entity. We need look no further than the definitions included in the policy to resolve this claim. Again, we note the policy defines "You or Your" as the "first named insured shown in the Declarations, and *if an individual,* your spouse who resides in the same household." (Emphasis added.) It would be nonsensical to substitute the word "entity" for "individual" here. It is obvious the policy contemplates an "individual" as a natural person.

The Metzgers next argue the Court of Appeals erred in holding they had no reasonable expectation of coverage. However, the doctrine of reasonable expectations, "applies only to policies with ambiguous terms." *True v. Raines,* 99 S.W.3d 439, 443 (Ky. 2003). As we have already held the policy was unambiguous, the doctrine does not apply.

Finally, the Metzgers argue the Court of Appeals erred in holding the UIM coverage was not illusory or against public policy. The coverage herein is not

7

illusory. Rather, it simply does not apply to Metzger under the facts of this case. Had she been the named insured under the policy or had she been an occupant of a covered auto at the time of the accident, Auto-Owners's UIM policy would have covered her. However, those are simply not the facts of this case. Because the LLC was the named insured—and *not* Metzger herself—Metzger (or any other individual) was only covered by the UIM policy when occupying a scheduled vehicle.

As to the Metzgers' argument the coverage was against public policy, we have held "UIM coverage exclusions are not impermissible under Kentucky public policy and parties are at liberty to negotiate and customize policies to fit their own needs and desired levels of coverage." *Id.* This is a reasonable UIM exclusion provision, and we will not disturb the parties' contractual rights in the absence of an ambiguity. Here, Metzger was not the named insured. She did not purchase the coverage, nor did her name appear on the policy's declarations page. The policy's terms unambiguously distinguished between policies in which the named insured was an individual and those in which the named insured was not.

### III. CONCLUSION

Viewing the record in a light most favorable to the Metzgers, we affirm the Court of Appeals' opinion affirming the trial court's grant of summary judgment. Here, the trial court correctly found there were no issues as to any material fact and that Auto-Owners was entitled to a judgment as a matter of

law. Because Metzger was not covered under the terms of the Auto-Owners commercial UIM policy, Metzger could not prevail under any circumstances.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Kevin Crosby Burke
Burke Neal PLLC

Kevin B. Sciantarelli
Sciantarelli Law Firm

Jamie Kristin Neal
Burke Neal PLLC


COUNSEL FOR APPELLEES:

Catherine Marie Cundiff Sewell
Sewell & Neal, PLLC

Peter J. Sewell
Sewell & Neal, PLLC

Thomas Nathan Peters
Louisville, KY